UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| OAKHURST HOSPITALITY, INC. §<br>d/b/a/ HOLIDAY INN EXPRESS and §<br>SUITE STAY, INC. d/b/a §<br>STAYBRIDGE SUITES CORPUS CHRISTI, §<br>　　*Plaintiff* §<br>§<br>v. §<br>§<br>LEXINGTON INSURANCE COMPANY, §<br>YORK RISK SERVICES GROUP, INC., and §<br>DAVID KYLE HAWKINS, §<br>　　*Defendants* § | Civil Action No. 2:17-CV-198 |

## NOTICE OF REMOVAL BY DEFENDANT
## LEXINGTON INSURANCE COMPANY

Defendant, Lexington Insurance Company ("Lexington") hereby exercises its right under the provisions of Title 28 U.S.C. § 1441, *et seq.*, to remove this action from the 148th Judicial District Court of Nueces County, Texas, in which it is now pending under Cause No. 2017DCV-1945-E; *Oakhurst Hospitality, Inc. d/b/a Holiday Inn Express and Suite Stay, Inc. d/b/a Staybridge Suites Corpus Christi v. Lexington Insurance Company, York Risk Services Group, Inc. and David Kyle Hawkins.* In support of its Notice of Removal, Lexington shows as follows:

### I. INTRODUCTION

1.1　This action is removable because (i) there is complete diversity of citizenship between the plaintiff and the parties properly joined as defendants, and (ii) the damages alleged are in excess of $75,000.00. Accordingly, this matter is within the original jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1332.

1.2　On April 24, 2017, Plaintiffs filed an action styled Cause No. 2017DCV-1945-E; *Oakhurst Hospitality, Inc. d/b/a Holiday Inn Express and Suite Stay, Inc. d/b/a Staybridge Suites*

*Corpus Christi v. Lexington Insurance Company, York Risk Services Group, Inc. and David Kyle Hawkins;* in the 148th Judicial District Court of Nueces County, Texas.

1.3     Plaintiffs served Lexington with the citation and Plaintiffs' Original Petition through the Commissioner of Insurance on May 9, 2017. Plaintiffs served David Kyle Hawkins personally with the citation and Plaintiffs' Original Petition on May 19, 2017.  Lexington files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).

## II.  BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.     THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP

2.2     Upon information and belief, and as plead in their Original Petition, Plaintiffs Oakhurst Hospitality, Inc. d/b/a Holiday Inn Express and Suite Stay, Inc. d/b/a Staybridge Suites Corpus Christi are corporations organized under the laws of the State of Texas.  *See* Plaintiffs' Original Petition at p. 1-2.

2.3     The Petition names three defendants.  The first named defendant is the Lexington Insurance Company.  Lexington is incorporated in the state of Delaware, with its principal place of business in Boston, Massachusetts.  Thus, pursuant to 28 U.S.C. § 1332(c)(1), Lexington is a citizen of Delaware and Massachusetts for diversity purposes.

2.4     The second named defendant is York Risk Services Group, Inc. ("York").  York is incorporated in New York, with its principal place of business in Parsippany, New Jersey.  Thus, pursuant to 28 U.S.C. § 1332(c)(1), York is a citizen of New York and New Jersey.

2.5     The third named defendant is David Kyle Hawkins, an individual.  Mr. Hawkins is employed by York as an adjuster, and is a resident and citizen of the State of Texas.  Mr. Hawkins has been fraudulently joined as a defendant in this action for the sole purpose of

defeating diversity jurisdiction, as set forth below. Therefore, his citizenship should be disregarded in determining the existence of diversity jurisdiction.

### B. MR. HAWKINS WAS IMPROPERLY JOINED AND SHOULD BE DISMISSED

2.6    This suit arises out of the denial of insurance claims made under policies issued by Lexington to Plaintiffs. York was retained by Lexington to act as its independent adjuster. Mr. Hawkins was employed by York and acted as its local field adjuster. Plaintiffs have sued all three, and every cause of action asserted against Mr. Hawkins is asserted against Lexington and York as well.

2.7    As one federal court has recently observed in denying a motion for remand under very similar circumstances, "The instant action is but another of a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in the lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurer in an effort to avoid removal of the case from state to federal court." *Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A, 2014 WL 11474841, *13 (N.D. Tex. Sept. 25, 2014). This nearly universal practice of suing individual, working men and women who serve as local adjusters, regardless of facts, in connection with an insured's claim against its carrier—for the sole purpose of defeating diversity—has finally become such a recognized abuse that the Texas legislature has stepped in to curb it by passing House Bill 1774, which was signed into law by Governor Abbott on May 26, 2017.

2.8    Under this bill, which will go into effect on September 1, 2017, a carrier may agree to indemnify its assigned adjuster, who has done nothing more than do his or her job on its behalf, thereby eliminating any direct right of action by the insured against the individual adjuster. As a result, many hardworking men and women who climb roofs and talk to insureds

for a living will be protected from being repeatedly served with groundless lawsuits at their homes in front of their concerned children, as Mr. Hawkins has personally experienced.

2.9     Until the new law goes into effect to thwart such abuse, the federal courts will have to continue to evaluate each claim against the individual adjuster based upon the pleading standards that exist under federal law.  In recent years, and in light of the trend noted in *Plascencia*, however, federal courts in Texas have—with increasing frequency—recognized that those standards require dismissal of individual adjusters who are sued based upon vague, conclusory and boilerplate allegations with obvious intent to achieve nothing more than defeat of diversity jurisdiction.[1]  This growing body of authority appears to have developed in recent years as weather-related insurance lawsuits have escalated and the courts have had greater opportunity to observe the pattern and practice in the filing of these lawsuits against carriers and their adjusters.

2.10    As this has occurred, federal courts have identified "badges of improper joinder" to be indicative of plaintiff's intent to defeat diversity rather than obtain relief from the individual adjuster.  *Plascencia*, 2014 WL 11474841, at *16-17. One such badge is the insured-plaintiffs' use of a standard form petition containing boilerplate allegations used repeatedly by the same group of lawyers, regardless of the particular conduct of the adjuster in connection with the specific claim.  *Id.*  Here, the legal allegations against Mr. Hawkins are identical (except for the

---

[1] *See, e.g. Gutierrez v. Allstate Fire & Cas. Ins. Co.*, Civil Action No. 3:17-CV-0636-D, 2017 WL 2378298 (N.D. Tex. June 1, 2017); *Vallejo v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:17-CV-94, 2017 WL 2240796 (S.D. Tex. May 23, 2017); *Hidden Cove Park & Marina v. Lexington Ins. Co.*, Civil Action No. 4:17-CV-00193, 2017 WL 2120036 (E.D. Tex. May 16, 2017); *Elizondo v. Great Lakes Ins. SE*, No. 7:17-CV-36, 2017 WL 1318454 (S.D. Tex. Apr. 10, 2017); *Lopez v. Allstate Vehicle & Prop. Ins. Co.*, Civil Action No. 4:17-CV-00103, 2017 WL 1233831 (E.D. Tex. Apr. 4, 2017); *Jana Food Serv. v. Nationwide Agribusiness Ins. Co.*, No. 4:16-CV-864-A, 2016 WL 7165973 (N.D. Tex. Dec. 7, 2016); *Mercury Multifamily Mgmt. LLC v. Peleus Ins. Co.*, Civil Action No. 3:16-CV-2557-D, 2016 WL 9091289 (N.D. Tex. Nov. 30, 2016); *Rockbrook Realty Ltd. v. Travelers Lloyds Ins. Co.*, Civil Action No. 3:16-CV-2376-D, 2016 WL 8674683 (N.D. Tex. Nov. 18, 2016); *McClelland v. Chubb Lloyd's Ins. Co.*, No. 5:16-cv-00108, 2016 WL 5791206 (W.D. Tex. Sept. 30, 2016).

names) to those quoted by the court in *Mainali Corp. v. Covington Specialty Ins. Co.*, Civil Action No. 3:15-CV-1087-D, 2015 WL 5098047, *12-13 (N.D. Tex. Aug. 31, 2015) from pleadings filed by the same plaintiff's counsel. See Plaintiffs' Original Petition at p. 7-8. Many other such examples of the use of identical boilerplate allegations against individual adjusters exist.

2.11 "Another badge of improper joinder that has been noted is the absence of any plausible reason for suing the Texas citizen other than to defeat diversity." *Plascencia*, 2014 WL 11474841 at *18 (citing *Jimenez v. Travelers Indem. Co.*, Civil Action No. H-09-1308, 2010 WL 1257802, at *5 (S.D. Tex. Mar. 25, 2010)). Where the insurance carrier is solvent and all of the same causes of action alleged against the adjuster are also alleged against the carrier, there is no apparent gain for the plaintiff other than defeating diversity jurisdiction. *See Plascencia*, 2014 WL 11474841 at *18. That certainly appears to be the situation here. As the *Plascencia* court noted, these badges of improper joinder are not determinative, but they are a persuasive indication that plaintiffs are not serious in the assertion of their claims against the adjuster and have joined him solely for the purpose of defeating diversity. *Id.*

2.12 The failure to state with specificity the factual basis for recovery against a non-diverse party constitutes a failure to state a claim and improper or fraudulent joinder of that party. *Waters v. Metropolitan Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). General and conclusory allegations are insufficient to state a cause of action under federal pleading standards. *Jewell v. City of Covington,* 425 F.2d 459, 460 (5th Cir.), *cert. denied,* 400 U.S. 929, 91 S.Ct. 195, 27 L.Ed.2d 189 (1970).

2.13 Although there has been a long line of conflicting decisions among federal district courts in Texas as to whether the Texas "fair notice" standard or the more stringent federal

pleading standard should be applied to a state court petition to determine if there is a sufficient factual or legal basis for claims against a non-diverse party, that conflict has recently been resolved by the Fifth Circuit in *International Energy Ventures Mgmt. L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).  In that case, the Fifth Circuit made clear that the more stringent pleading requirements of Rule 8 of the Federal Rules of Civil Procedure apply. *Id.* at 204.  Applying the federal pleadings standard, a court then must conduct a Rule 12(b)(6) analysis to determine whether the claims against the non-diverse defendant should be dismissed without prejudice. *Id.* at 208-10.

2.14   Under a Rule 12(b)(6) analysis, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allian,* 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  The Fifth Circuit has cautioned that Rule 12(b)(6) analysis does not include straining "to find inferences favorable to the plaintiffs" or accepting "conclusory allegations, unwarranted deductions, or legal conclusions."  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

2.15   The United States Supreme Court has emphasized that a pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement" is not sufficient and must be dismissed. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Further, factual allegations in a petition must state a claim for relief that is plausible on its face.  *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 565 (2007). Plausibility requires more than a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct conduct. *See id.*  Applying

this rationale, Plaintiffs' Original Petition fails to state a *plausible* claim against Mr. Hawkins. Moreover, Plaintiffs' Original Petition fails to provide Mr. Hawkins with fair notice of the claims against him under the applicable pleading standard.

2.16    The "factual allegations" against Mr. Hawkins in Plaintiffs' Original Petition consist entirely of statements that are (1) general and conclusory; (2) unconnected to any alleged damages; or (3) inapplicable to Mr. Hawkins on their face. The "Factual Background" section of Plaintiffs' Original Petition contains the following statements regarding Mr. Hawkins conduct:

> "York and Mr. Hawkins failed to perform a thorough investigation of the claim. Mr. Hawkins inspected the properties on July 18, 2016. He performed a substandard inspection of the Properties."

This general and conclusory allegation about the quality of Mr. Hawkins inspection fails to provide him fair notice of what specifically he did or did not do that made his inspection inadequate or substandard. These statements are no more than "naked assertions" and conclusions.

2.17    Next, the Petition alleges:

> "After visiting the Properties, Mr. Hawkins did not prepare any estimates or scopes of damages to the Properties or failed to provide those to the insured. Mr. Hawkins failed to hire any qualified experts to appropriately assess the damage."

Even if true, Plaintiffs have failed to show why such estimates and scopes were warranted under the circumstances or how Plaintiffs were damaged by the failure to prepare estimates or scopes of damage for claims that were denied by Lexington. Additionally, Plaintiffs fail to put Mr. Hawkins on fair notice of what he is alleged to have done wrong with respect to the hiring of experts. Were the experts he hired unqualified in the field for which he hired them? Did he fail to hire qualified experts in some other field that Plaintiffs deem necessary, and if so, what kind of experts and why were they allegedly necessary? Given the vagueness and ambiguity of the statement, there is no way to determine whether this allegation relates to estimates and scopes of damage or something else.

7

2.18    Plaintiffs further allege:

"Mr. Hawkins delayed the claims process and failed to communicate with the insured. Mr. Hawkins also misrepresented coverage afforded under the Policies. York and Mr. Hawkins performed an inadequate, incomplete and unreasonable investigation of Plaintiffs' claims, which is evidenced by his delays, lack of communication, refusal to hire to (sic) appropriate consultants, and lack of estimates or scopes of damage to account for the necessary repairs for the Properties."

This collection of "factual allegations" is no more than a generalized recitation of statutory language combined with a rehash of the inadequately vague and conclusory allegations previously made.

2.19    The final group of factual allegations against Mr. Hawkins, which are contained in paragraph 4.5 of Plaintiffs' Original Petition, consists of allegations made jointly against him, Lexington and York regarding the underpayment, delay in payment and denial of Plaintiffs' claims, none of which are "plausibly" within the control or authority of Mr. Hawkins as the local field adjuster.

2.20    Similarly, the sections of Plaintiffs' Original Petition setting forth the legal causes of action against Mr. Hawkins consist entirely of the boilerplate allegations made against all defendants, without differentiation, and are made up of bald recitation of statutory language, many of which have been held inapplicable to adjusters.

2.21    Notably, Plaintiffs did not provide Mr. Hawkins with any pre-suit notice of its claims against him as required by Texas law. Thus, Mr. Hawkins has never received any type of fair notice of the claims made against in either a pre-suit notice letter or through Plaintiffs' Original Petition, which fails to articulate how the conclusory allegations of his conduct of constitute a plausible cause of action against him.

2.22    Because Plaintiffs are citizens of Texas, and Defendants Lexington and York are citizens of other states at all relevant times, complete diversity of citizenship exists among the proper parties.

**C.     THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.23    The amount in controversy requirement for Federal diversity jurisdiction is clearly satisfied in this case as evidenced by Plaintiffs' Original Petition in which Plaintiff expressly alleges that it "seeks monetary relief in an amount over $1,000,000.00." See Plaintiffs' Original Petition at p. 3. This amount clearly exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

### III. CONCLUSION

3.1    This action should be removed to this Court pursuant to 28 U.S.C. § 1441 inasmuch as there is complete diversity of citizenship between the plaintiffs and the parties properly joined as defendants, and the judgment value of damages sought by plaintiffs is in excess of the jurisdictional limit.

3.2    Pursuant to LR 81.1 of the Southern District of Texas, Defendant is filing with this Notice of Removal the following:

1) All executed process in the case;

2) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

3) All orders signed by the state judge;

4) The docket sheet;

5) An index of matters being filed; and

6) A list of all counsel of record, including addresses, telephone numbers and parties represented.

3.3    Defendant has given or is in the process of giving notice of the filing of this Notice of Removal to the State Court and to the Plaintiffs.

9

3.4     Defendant respectfully requests that this Court take jurisdiction in this civil action to its conclusion to the exclusion of any further proceedings in the State Court in accordance with federal law.

WHEREFORE, LEXINGTON INSURANCE COMPANY respectfully requests that this Court remove this action from the 148th Judicial District Court of Nueces County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division.

                                  Respectfully submitted,

                                  By: /s/ *Tracy Jackson Cowart*
                                       Tracy Jackson Cowart
                                       State Bar No. 00789398
                                       Federal Bar No. 1759
                                       tjc@egglestonbriscoe.com

EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 – Facsimile

ATTORNEY-IN-CHARGE FOR DEFENDANT LEXINGTON INSURANCE COMPANY

OF COUNSEL:

William J. Eggleston, IV
State Bar No. 24063853
Southern District of Texas Bar No. 3016881
will@egglestonbriscoe.com
EGGLESTON & BRISCOE, LLP
4800 Three Allen Center
333 Clay Street
Houston, Texas 77002
713.659.5100
713.951.9920 – fax

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Notice of Removal was served on the following counsel by certified mail, return receipt requested on the 8th day of June 2017, as follows:

Jeffrey L. Raizner
Raizner Slania, LLP
2402 Dunlavy Street
Houston, Texas 77006
(713) 554-9098 – Fax

        /s/ *Tracy Jackson Cowart*
Tracy Jackson Cowart