Case 2:17-cv-00198   Document 1-3   Filed in TXSD on 06/08/17   Page 1 of 15

Filed
4/24/2017 4:29:23 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

2017DCV-1945-E

Cause No. _____

| | | |
|---|---|---|
| OAKHURST HOSPITALITY, INC. d/b/a | § | IN THE DISTRICT COURT OF |
| HOLIDAY INN EXPRESS and SUITE | § | |
| STAY, INC. d/b/a STAYBRIDGE SUITES | § | |
| CORPUS CHRISTI | § | |
| | § | |
| V. | § | NUECES COUNTY, TEXAS |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| YORK RISK SERVICES GROUP, INC. and | § | |
| DAVID KYLE HAWKINS | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & JURY DEMAND

TO THE HONORABLE JUDGE & JURY OF NUECES COUNTY CITIZENS:

Plaintiffs OAKHURST HOSPITALITY, INC. d/b/a HOLIDAY INN EXPRESS ("Holiday Inn") and SUITE STAY, INC. d/b/a STAYBRIDGE SUITES CORPUS CHRISTI ("Staybridge") (collectively "Plaintiffs") file this Original Petition against Defendants LEXINGTON INSURANCE COMPANY ("Lexington" or "Carrier"), YORK RISK SERVICES GROUP, INC. ("York"), and DAVID KYLE HAWKINS ("Mr. Hawkins") (collectively "Defendants") and would respectfully show the following:

### Discovery Control Plan

1.1   Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

### Parties

2.1   Plaintiff, Oakhurst Hospitality, Inc. d/b/a Holiday Inn Express is a domestic for-profit corporation.

1

2.2	Plaintiff, Suite Stay, Inc. d/b/a Staybridge Suites Corpus Christi is a domestic for-profit corporation.

2.3	Upon information and belief Lexington Insurance Company is a foreign insurance company engaged in the business of insurance in Texas, operating for the purposes of accumulating monetary profit.  Lexington regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas and does not maintain an agent for service in this State.  Accordingly, Lexington may be served with process by serving certified mail, return receipt requested, to **Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701** who can forward process to the **Division Executive, Commercial Property, 100 Summer Street, #2000, Boston, MA 02110**.

2.4	York is a foreign company engaged in business in Texas, operating for the purposes of accumulating monetary profit.  York regularly conducts business in a systematic and continuous manner in the State of Texas.  York may be served with process by serving certified mail, return receipt requested, to the **Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701** who can forward process to the **York Risk Services Group, One Upper Pond Road, Building F – 4th Floor, Parsippany, NY 07054**.

2.5	Upon information and belief, David Kyle Hawkins is a natural person who resides and works in the State of Texas and may be served with process to **240 S. Showhorse Drive, Liberty Hill, TX 78642**.

## Venue & Jurisdiction

3.1     Venue is proper in Nueces County under Tex. Civ. Prac. & Rem. Code section 15.002(a)(1) as all or a substantial part of the events or omissions giving rise to this claim occurred in Nueces County and Plaintiff's property that is the subject of the insurance policy, claim, denial, and litigation is in Nueces County. In particular, the adjustment of the claim by Defendants York and Mr. Hawkins for losses under the policy (including denial and underpayment of the claim and payments to be made to Plaintiffs in Nueces County under the policy) were conducted in Nueces County, Texas.  Further, investigations and policy representations, including communications to and from Defendants and Plaintiffs (including telephone calls, mailings, and other communications to Plaintiffs) occurred in Nueces County, Texas.  Additionally, site inspections and communications serving as the basis for suit occurred at the damaged subject property in Nueces County.

3.2     Plaintiffs seek damages within the jurisdictional limits of this Court.  At this time, Plaintiffs seek monetary relief in an amount over $1,000,000.  Plaintiffs reserve the right to modify the amount and type of relief sought in the future.

## Factual Background

4.1     On or before March 19, 2016, Lexington sold a commercial property insurance policies bearing Policy Nos. 41-LX-011741212-2 (Holiday Inn) and 41-LX-011741098-2 (Staybridge) to Plaintiffs whereby Lexington would provide insurance coverage for the properties located at 5213 Oakhurst Drive, Corpus

Christi, Texas 78411 (Holiday Inn) and 5201 Oakhurst Drive, Corpus Christi, Texas 78411 (Staybridge) (the "Properties") in exchange for the timely payment of premiums (the "Policies"). The Properties consist of a structure owned by Holiday Inn and Staybridge. The Policies was sold by Lexington to Plaintiffs as the insureds under the Policies and provides coverage for damages to the Properties caused by a hailstorm.

4.2     On or about March 19, 2016, Plaintiffs' properties were substantially damaged by a wind and hailstorm that struck Nueces County. As a result, the roof, windows, exterior, and interior of the Properties were substantially damaged. Immediately upon discovering the damage, Plaintiffs filed an insurance claim under the Policies with Lexington for damages to the Properties caused by the hailstorm. Plaintiffs asked that the cost of repairs be covered pursuant to the Policies.

4.3     Lexington is the insurer on the Properties. In response to the catastrophe claim, the Carrier assigned adjusters, consultants, and agents to Plaintiffs' files that were inadequate and improperly trained. More specifically, Lexington assigned Plaintiffs' claims to York Risk Services Group, Inc. who in turn assigned its employee Mr. Hawkins to adjust the damages under the Policies.

4.4     York and Mr. Hawkins failed to perform a thorough investigation of the claim. Mr. Hawkins inspected the properties on July 18, 2016. He performed a substandard inspection of the Properties. After visiting the Properties, Mr. Hawkins did not prepare any estimates or scopes of damages to the Properties or

failed to provide those to the insured.  Mr. Hawkins failed to hire any qualified experts to appropriately assess the damage.  Mr. Hawkins delayed the claims process and failed to communicate with the insured.  Mr. Hawkins also misrepresented coverage afforded under the Policies.  York and Mr. Hawkins performed an inadequate, incomplete and unreasonable investigation of Plaintiffs' claims, which is evidenced by his delays, lack of communication, refusal to hire to appropriate consultants, and lack of estimates or scopes of damage to account for the necessary repairs for the Properties.  Lexington relied exclusively on York and Mr. Hawkins in determining what amounts, if any, to pay on Plaintiffs' claims and failed to perform their own adequate investigation.

4.5     Lexington, York and Mr. Hawkins wrongfully underpaid and denied Plaintiffs' claims for property repairs on November 2nd and 4th, 2016.  Defendants represented to Plaintiffs that certain damages were not covered under the Policy when in fact they were.  Lexington, York and Mr. Hawkins have chosen to continue to deny timely payment of the damages.  As a result, Plaintiffs have not been fully paid under the Policies provided by Lexington since the hailstorm.  Plaintiffs were forced to hire their own consultant to independently evaluate the damages to the Property because Defendants refused to do so.  To this day, Lexington refuses to pay for the necessary repairs to the Properties as required under the Policies.

4.6     As a result of Defendants' acts and/or omissions, Plaintiffs were required to retain an attorney to prosecute its claim for insurance benefits.

4.7     Unfortunately, Defendants have delayed payments for Plaintiffs' necessary and covered property repairs under the insurance policies that Lexington wrote. Given the repeated delays of payments, Plaintiffs have been subjected to significant economic impact, worry, distress, and continuing economic and physical damages. Because of Defendants' delays, denials, and underpayment, Plaintiffs have been unable to make necessary repairs to the Properties which has resulted in further damages to the Properties, including additional interior and roof damage, among others.  In addition, Plaintiffs have suffered financial harm and damage as a result of Defendants' denials and repeated delays.  The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.

## **FIRST CAUSE OF ACTION---Violations of Texas Insurance Code**

5.1     Plaintiffs re-allege and incorporate each allegation contained in Paragraphs 1-4.7 of this Petition as if fully set forth herein.

5.2     Lexington, York and Mr. Hawkins failed to attempt to effectuate a prompt, fair, and equitable settlement of a claims with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

5.3     Lexington, York and Mr. Hawkins failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

5.4     Lexington, York and Mr. Hawkins failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claims, in violation of Texas Insurance Code Section 541.060 (a)(3).

5.5    Lexington, York and Mr. Hawkins failing within a reasonable time to affirm or deny coverage of a claim to policyholders; or submit a proper reservation of rights to a policyholders in violation of Texas Insurance Code Section 541.060(a)(4).

5.6    Lexington, York and Mr. Hawkins refused to pay claims without conducting a reasonable investigation with respect to the claims, in violation of Texas Insurance Code Section 541.060 (a)(7).

5.7    Lexington, York and Mr. Hawkins misrepresented the insurance policies under which it affords Property coverage to Plaintiffs, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1). Lexington, York and Mr. Hawkins misrepresented the insurance policies to Plaintiffs, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

5.8    Lexington, York and Mr. Hawkins misrepresented the insurance policies under which it affords Property coverage to Plaintiffs by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2). Lexington, York and Mr. Hawkins misrepresented the insurance policies to Plaintiffs by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

5.9    Lexington, York and Mr. Hawkins misrepresented the insurance policies under which it affords Property coverage to Plaintiffs by making a statement in

such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). The Lexington, York and Mr. Hawkins misrepresented the insurance policies to Plaintiffs by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

5.10 Lexington, York and Mr. Hawkins knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

## SECOND CAUSE OF ACTION---Prompt Payment of Claim

6.1 Plaintiffs re-allege and incorporate each allegation contained in Paragraphs 1-5.10 of this Petition as if fully set forth herein.

6.2 The Carrier failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

6.3 The Carrier failed to timely commence investigation of the claim or to request from Plaintiffs any additional items, statements or forms that Lexington, York and Mr. Hawkins reasonably believe to be required from Plaintiffs in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

6.4     The Carrier failed to notify Plaintiffs in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by the Lexington, York and Mr. Hawkins in violation of Texas Insurance Code Section 542.056(a).

6.5     The Carrier delayed payments of Plaintiffs' claims in violation of Texas Insurance Code Section 542.058(a).

### THIRD CAUSE OF ACTION---Statutory Interest

7.1     Plaintiffs re-allege and incorporate each allegation contained in Paragraphs 1-6.5 of the Petition as if fully set forth herein.

7.2     Plaintiffs make a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### FOURTH CAUSE OF ACTION---Breach of Contract

8.1     Plaintiffs re-allege and incorporate each allegation contained in Paragraphs 1-7.2 of the Petition as if fully set forth herein.

8.2     The Carrier breached their contract with Plaintiffs.  As a result of the Carrier's breach, Plaintiffs suffered legal damages.

### FIFTH CAUSE OF ACTION---Breach of duty of good faith & fair dealing

9.1     Plaintiffs re-allege and incorporate each allegation contained in Paragraphs 1-8.2 of the Petition as if fully set forth herein.

9.2     The Carrier, as the Property's coverage insurers, had a duty to deal fairly and in good faith with Plaintiffs in the processing of the claim.  The Carrier

breached this duty by refusing to properly investigate and effectively denying insurance benefits.  The Carrier knew or should have known that there was no reasonable basis for denying or delaying the required benefits.  The Carrier's duty of good faith and fair dealing was non-delegable.  As a result of the Carrier's breach of these legal duties, Plaintiffs suffered legal damages.

### SIXTH CAUSE OF ACTION---Punitive Damages for Bad Faith

10.1    Plaintiffs re-allege and incorporate each allegation contained in Paragraphs 1-9.2 of this Petition as if fully set for herein.

10.2    Defendants acted fraudulently and with malice (as that term is legally defined) in denying and delaying Plaintiffs' claims for benefits.  Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs.

### SEVENTH CAUSE OF ACTION---Violations Of Texas DTPA

11.1    Plaintiffs re-allege and incorporate each allegation contained in Paragraphs 1-10.2 of this Complaint as if fully set forth herein.

11.2.   The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices.  Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA.  Defendants' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

### KNOWLEDGE

12.1    Each of the actions described herein were done "knowingly" as that term is

used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages.

## RESULTING LEGAL DAMAGES

13.1   Plaintiffs are entitled to the actual damages resulting from the Defendants' violations of the law.  These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits, and continued impact on Plaintiffs; lost credit reputation; and the other actual damages permitted by law.  In addition, Plaintiffs are entitled to exemplary damages.

14.2   As a result of Defendants' acts and/or omissions, Plaintiffs have sustained damages in excess of the minimum jurisdictional limits of this Court.

14.3   Plaintiffs are entitled under law to the recovery of prejudgment interest at the maximum legal rate.

14.4   Defendants' knowing violations of the Texas Insurance Code and DTPA entitle Plaintiffs to the attorneys' fees, treble damages, and other penalties provided by law.

14.5   Plaintiffs are entitled to statutory interest on the amount of their claim at the rate of 18% per year as damages under the Texas Insurance Code 542.060(a).

14.6   As a result of Defendants' acts and/or omissions, Plaintiffs have sustained damages in excess of the jurisdictional limits of this Court.

14.7   Plaintiffs are entitled under law to the recovery of prejudgment interest at the maximum legal rate.

14.8    Plaintiffs are entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the Tex. Bus & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

## **Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Plaintiffs have judgment against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

**RAIZNER SLANIA LLP**

_____
JEFFREY L. RAIZNER
State Bar No. 00784806
ANDREW P. SLANIA
State Bar No. 24056338
AMY B. HARGIS
State Bar No. 24078630
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:   713.554.9098
**ATTORNEYS FOR PLAINTIFFS**

## JURY DEMAND

*Plaintiffs hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

_____
**JEFFREY L. RAIZNER**

Filed
5/30/2017 9:59:40 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2017DCV-1945-E

| | | |
|---|---|---|
| OAKHURST HOSPITALITY, INC. d/b/a/ HOLIDAY INN EXPRESS and SUITE STAY, INC. d/b/a STAYBRIDGE SUITES CORPUS CHRISTI,<br>  *Plaintiff*<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY, YORK RISK SERVICES GROUP, INC., and DAVID KYLE HAWKINS,<br>  *Defendants* | § § § § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br>NUECES COUNTY, TEXAS<br><br><br><br><br>148TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT LEXINGTON INSURANCE COMPANY

Defendant Lexington Insurance Company files this original answer, as follows:

1. Subject to such stipulations or admissions that may hereafter be made, Defendant Lexington Insurance Company enters a general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure, thereby denying each and every, all and singular, material allegation contained in the Plaintiffs' Original Petition and demand strict proof thereof as required by the laws of this State. TEX. R. CIV. P. 92.

2. Defendant reserves the right to amend its answer as more facts and evidence become available.

WHEREFORE, Defendant Lexington Insurance Company respectfully requests that the relief sought in Plaintiffs' Original Petition be denied, Plaintiffs takes nothing, and Defendant goes hence without delay, with costs and all such other and further relief to which it may show itself justly entitled to receive.

Respectfully submitted,

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 – Telephone
(713) 951-9920 – Facsimile


By: /s/ *Tracy Jackson Cowart*
     Tracy Jackson Cowart
     State Bar No. 00789398
     tjc@egglestonbriscoe.com

ATTORNEYS FOR DEFENDANT
LEXINGTON INSURANCE COMPANY


**CERTIFICATE OF SERVICE**

I certify that on May 30, 2017, a true and correct copy of the foregoing was forwarded to all counsel of record, including those listed below, via facsimile.

Jeffrey L. Raizner
Raizner Slania, LLP
2402 Dunlavy Street
Houston, Texas 77006
(713) 554-9098 – Fax

     /s/ *Tracy Jackson Cowart*
     Tracy Jackson Cowart

2