United States District Court
Southern District of Texas
**ENTERED**
October 13, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| OAKHURST HOSPITALITY, INC.; dba HOLIDAY INN EXPRESS, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-198 |
| | § | |
| LEXINGTON INSURANCE COMPANY, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Before the Court is Plaintiffs' Motion to Remand, filed July 10, 2017. Defendants Lexington Insurance Company, York Risk Services Group, Inc., and David Kyle Hawkins removed this case from state court on the basis of diversity jurisdiction. Plaintiffs, both citizens of Texas, argue that removal was improper because they have asserted valid state law causes of action against Defendant Hawkins, who they allege is also a citizen of Texas—thus destroying complete diversity of citizenship. Complete diversity of citizenship exists only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Defendants concede that Defendant Hawkins is a nondiverse party but contend that his citizenship should be ignored because he was improperly joined.

The Fifth Circuit held that "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-

1

state defendant...." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Plaintiffs bring this lawsuit against Defendants for violations of the Texas Insurance Code in addition to various contract and common law claims. Defendants assert that Plaintiffs cannot recover against Defendant Hawkins individually because Plaintiffs have failed to state a claim against him.

The Court finds that Defendants have not shown Plaintiffs have no possibility of recovery against Defendant Hawkins. Plaintiffs' complaint alleges facts that raise a plausible possibility they could recover against Defendant Hawkins under Section 541.060(a)(2) of the Texas Insurance Code. Defendant Hawkins is properly joined. *See Olivo v. Certain Underwriters at Lloyd's, London*, No. 4:15-CV-2131, 2016 WL 7742786, at \*2 (S.D. Tex. July 8, 2016); *Richard v. Geovera Specialty Ins. Co.*, No. 4:16-CV-2496, 2016 WL 6525438, at \*4-5 (S.D. Tex. Nov. 3, 2016). Because Plaintiffs and Defendant Hawkins are citizens of Texas, there is a lack of complete diversity among the parties.

Accordingly, Plaintiffs' Motion to Remand is **GRANTED**, and this case is remanded to the 148th Judicial District Court of Nueces County, Texas.

ORDERED this _____ day of October, 2017.

HAYDEN W. HEAD, JR.
SENIOR UNITED STATES DISTRICT JUDGE

2